UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------

MARK HOLT,

12 CV

Plaintiff,

-against-

COMPLAINT

THE METROPOLITAN TRANSIT AUTHORITY,
METROPOLITAN TRANSIT AUTHORITY POLICE
DEPARTMENT,MTA POLICE OFFICER CORA, TAX     JURY TRIAL DEMANDED
ID #80614, MTA POLICE OFFICER JOHN DOES  # 1-4
(names and shield numbers of whom are unknown at     ECF CASE
present), and other unidentified members of the MTA
Police Department,

Defendants.

-------------------------------------------------------------------  X

## PRELIMINARY STATEMENT

1.  This is a civil rights action to recover money damages arising out of
defendants' violation of plaintiff's rights as secured by the Civil Rights Act, 42 U.S.C. Section
1983, and of rights secured by the First, Fourth, Fifth and Fourteenth Amendments to the United
States Constitution, and the laws of the State of New York.  Plaintiff, while lawfully present at
Pennsylvania Station was subject to an improper stop, and was unlawfully arrested by the
Metropolitan Transit Authority Police Officers.  Additionally, Metropolitan Transit Authority
Police Officers, assaulted, battered, and used excessive force against plaintiff prior to and during
the course of his unlawful arrest. Plaintiff was deprived of his constitutional and common law
rights when the individual defendants unlawfully confined plaintiff, caused the unjustifiable

arrest of plaintiff, maliciously prosecuted, used excessive force against plaintiff, and assaulted and battered plaintiff.

## JURISDICTION

2.  This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.  Jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331, 1342 (3) and (4) and the aforementioned statutory and constitutional provisions.

3.  The plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that gave rise to the federally based claims and causes of action.

## VENUE

4.  Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391, (a), (b) and (c) because one or more of the defendants are subject to personal jurisdiction in the Eastern District of New York, and have contacts sufficient to subject them to personal jurisdiction in the Eastern District of New York.

## PARTIES

5.  Plaintiff Mark Holt is a citizen of the United States and a resident of the State of New York.

6.  Metropolitan Transit Authority Police Officer Cora, Tax # 80614, is and was at all times relevant herein an officer, employee, and agent of the Metropolitan Transit Authority.

7.  On the date of the subject incident, Metropolitan Transit Authority Police Officer Cora, Tax # 80614 was assigned to the MTA command inside of Pennsylvania Station.

-2-

8. Metropolitan Transit Authority Police Officer Cora, Tax # 80614 is is being sued in his individual and official capacities.

9. Metropolitan Transit Authority Police Officers John Does # 1-4 are and were at all times relevant herein officers, employees, and agents of the Metropolitan Transit Authority.

10. Defendant MTA Police Officers John Does # 1-8 are being sued in their individual and official capacities.

11. At all times relevant herein, the individually named MTA defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the Metropolitan Transit Authority Police Department and the MTA, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the Metropolitan Transit Authority Police Department and MTA at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the Metropolitan Transit Authority Police Department and MTA, and incidental to the lawful pursuit of their duties as officers, employees and agents of the Metropolitan Transit Authority Police Department and MTA.

12. Defendant Metropolitan Transit Authority ("MTA") is a public benefit corporation created pursuant to Section 1264 of the Public Authorities Law o the State of New York. Defendant MTA has established and maintains a Police Department as a constituent department or agency of the MTA.

13. Defendant MTA provides and maintains Defendant Metropolitan Transit Authority Police Department and a uniformed authority police force for all MTA owned, occupied, and/or operated facilities, and those of its subsidiary corporations.

14. The defendants MTA and MTA Police Department assume the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the MTA Police Department.

## **STATEMENT OF FACTS**

15. On October 28, 2011, at approximately 4:30 p.m., plaintiff was lawfully inside of Pennsylvania Station .

16. Plaintiff had just finished his employment located near Pennsylvania Station and was traveling to his home.

17. Plaintiff was on an escalator when, without provocation, an individual pushed plaintiff and grabbed his bag.

18. The individual police officer defendants observed the person individual push plaintiff and grab his bag and in response approached plaintiff and the person that pushed him.

19. Although plaintiff was victim of an assault, the individual police officers grabbed plaintiff and forcibly threw him up against the wall and handcuffed plaintiff.

20. At no time did plaintiff resist being arrested.

21. At no time did plaintiff commit a crime.

22. At no time did the defendants have reason to believe plaintiff committed a crime.

23. Nevertheless, the individual defendant police officers arrested plaintiff without legal justification and probable cause.

- 4 -

24. Plaintiff was then unlawfully taken to the MTA police command inside Pennsylvania Station and placed in a holding cell against his will.

25. Plaintiff remained in the holding cell for approximately 5 hours.

26. After 5 hours in the holding cell, the individual police officer defendants gave plaintiff a summons and he was released.

27. The individual police officers defendants included false statements in the summons.

28. Plaintiff had to appear in Court on January 17, 2012.

29. On January 17, 2012, all charges against plaintiff were dismissed.

30. Defendant MTA Police Officer, grabbed plaintiff twisted his arms, slammed his face into a wall, and placed excessively tight handcuffs on his wrists without probable cause or justification.

31. Defendant MTA Police Officer also verbally threatened plaintiff.

32. Those defendant officers who did not touch plaintiff failed to protect him from the false arrest, false imprisonment, assaults, batteries, and excessive force used against plaintiff by the individually named defendants.

33. The false arrest, false imprisonment, assaults, batteries, and excessive force used against plaintiff by the individually named defendants caused plaintiff to sustain psychological and emotional trauma. Moreover, the excessive force used by defendants, and the assault and battery to plaintiff, by the individually named police officer defendants caused plaintiff to sustain physical, psychological and emotional trauma.

34. A notice of claim was timely served on the MTA and at least thirty days have elapsed since the service of such notice and adjustment and/or payment has been neglected and/or refused.

35. An examination of plaintiff pursuant to NYPAL Section 1276 is scheduled to be conducted on December 13, 2012.

## FIRST CAUSE OF ACTION

## Violation of Plaintiff's Fourth Amendment and Fourteenth

## Amendment Rights

36. The plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 35 with the same force and effect as if more fully set forth at length herein.

37. The individually named defendants were acting in concert and within the scope of their authority, arrested and caused plaintiff to be imprisoned without probable cause in violation of plaintiff's right to be free of an unreasonable seizure under the Fourth Amendment of the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

## SECOND CAUSE OF ACTION

## False Arrest and False Imprisonment

38. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 37 with the same force and effect as if more fully set forth at length herein.

39. The acts and conduct of the defendants constitute false arrest and false imprisonment under the laws of the State of New York and under the Fourth Amendment to the

United States Constitution.  Defendants intended to confine plaintiff and, in fact, confined plaintiff, and plaintiff were conscious of the confinement.  In addition, plaintiff did not consent to the confinement and the confinement was not otherwise privileged.

40. The individually named defendants were at all times agents, servants, and employees acting within the scope of their employment by the MTA and the MTA Police Department, which are therefore responsible for their conduct.

41. The MTA and the MTA Police Department, as the employers of the defendants, are responsible for their wrongdoing under the doctrine of respondeat superior.

42. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims and pursuant to the Fourth Amendment of the United States Constitution this Court has jurisdiction to hear the federally based claim.

## THIRD CAUSE OF ACTION

## Violation of Plaintiff's Fourth And Fourteenth Amendment

## Rights

43. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 42 with the same force and effect as if more fully set forth at length herein.

44. The use of excessive force by the individually named defendant MTA Police Officers in punching, pushing, tackling, and striking plaintiff was objectively unreasonable physical seizures of plaintiff in violation of his rights under the Fourth Amendment to the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

## FOURTH CAUSE OF ACTION

### Assault

45. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 44 with the same force and effect as if more fully set forth at length herein.

46. The individually named MTA Defendants, their agents, servants and employees, acting within the scope of their employment, intentionally, willfully and maliciously assaulted plaintiffs in that he had the real or apparent ability to cause imminent harmful and/or offensive bodily contact and intentionally did a violent and/or menacing act which threatened such contact to the plaintiff, and that such acts caused apprehension of such contact in the plaintiff.

47. The individually named MTA Defendants were at all times agents, servants, and employees acting within the scope of their employment by the MTA and the MTA Police Department, which are therefore responsible for their conduct.

48. The MTA and the MTA Police Department, as the employers of defendants, are responsible for their wrongdoing under the doctrine of respondeat superior.

49. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## FIFTH CAUSE OF ACTION

### Battery

50. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 49 with the same force and effect as if more fully set forth at length herein.

51. The individually named MTA Defendants, their agents, servants and employees, acting within the scope of their employment, intentionally, willfully and maliciously battered plaintiff, when they, in a hostile and/or offensive manner struck plaintiff without his consent and with the intention of causing harmful and/or offensive bodily contact to the plaintiff and caused such battery.

52. The individually named MTA Defendants were at all times agents, servants, and employees acting within the scope of their employment by the MTA and the MTA Police Department, which are therefore responsible for their conduct.

53. The MTA and the MTA Police Department, as the employers of Defendants, are responsible for their wrongdoing under the doctrine of respondeat superior.

54. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## SIXTH CAUSE OF ACTION

### Negligent Hiring, Retention, Training and Supervision

55. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 54 with the same force and effect as if more fully set forth at length herein.

56. The MTA and the MTA Police Department and their employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, train and supervise the individually named MTA defendants, individuals who were unfit for the performance of their duties on October 28, 2011, at the aforementioned location.

57. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## SEVENTH CAUSE OF ACTION

### Failure to Intervene

58. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 57 with the same force and effect as if more fully set forth at length herein.

59. The individually named MTA Defendants had an affirmative duty to intervene on behalf of plaintiff, whose constitutional rights were being violated in their presence by other officers.

60. Defendants failed to intervene to prevent the unlawful conduct described herein.

61. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear of his safety, he was physically injured, and he was humiliated and subject to other physical constraints.

62. The individually named MTA defendants were at all times agents, servants, and employees acting within the scope of their employment by the MTA and the MTA Police Department, which are therefore responsible for their conduct.

- 10 -

63. The MTA and the MTA Police Department, as the employers of the defendants, are responsible for their wrongdoing under the doctrine of respondeat superior

64. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims and pursuant to the Fourth Amendment of the United States Constitution this Court has jurisdiction to hear the federally based claim.

## **EIGHTH CAUSE OF ACTION**

### **Negligence**

65. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 64 with the same force and effect as if more fully set forth at length herein.

66. Defendants owed a duty of care to plaintiff.

67. Defendants breached that duty of care by falsely arresting, falsely imprisoning, maliciously prosecuting, assaulting, battering, and using excessive force against plaintiff.

68. As a direct and proximate cause of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

69. All of the foregoing occurred without any fault or provocation by plaintiff.

70. The MTA and MTA Police Department, as the employers of the defendants, are responsible for their wrongdoing under the doctrine of respondeat superior.

71. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## NINTH CAUSE OF ACTION

## Negligent Infliction of Emotional Distress

72. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 71 with the same force and effect as if more fully set forth at length herein.

73. By the actions described herein, the individually named MTA defendants, each acting individually and in concert with each other, engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which negligently caused severe emotional distress to plaintiff.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated plaintiff's statutory and common law rights as guaranteed plaintiff by the laws and Constitution of the State of New York.

74. As a result of the foregoing, plaintiff was deprived of liberty and sustained great emotional injuries.

75. The MTA and MTA Police Department, as the employers of the defendants, are responsible for their wrongdoing  under the doctrine of respondeat superior.

76. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## TENTH CAUSE OF ACTION

## Malicious Prosecution

77. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 76  with the same force and effect as if more fully set forth at length herein.

- 12 -

78. The acts and conduct of the defendants constitute malicious prosecution under the laws of the State of New York and under the Fourth Amendment to the United States Constitution.

79. Defendants commenced and continued a criminal proceeding against plaintiff.

80. There was actual malice and an absence of probable cause for the criminal proceeding against plaintiff and for each of the charges for which he was prosecuted.

81. The prosecution and criminal proceedings terminated favorably to plaintiff on or about January 17, 2012.

82. Plaintiff was subjected to a post-arraignment deprivation of liberty sufficient to implicate plaintiff's Fourth Amendment rights.

83. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

84. The City, as the employer of the police officer defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

## ELEVENTH CAUSE OF ACTION

## Municipal Liability under 42 U.S.C. § 1983

85. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 84 with the same force and effect as if more fully set forth at length herein.

86. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of defendant MTA, which is forbidden by the Constitution of the United States.

- 13 -

87. The aforementioned customs, policies, usages, practices, procedures and rules of defendant MTA and the MTA Police Department included, but were not limited to policies, customs and practices wherein MTA Police Officers arrest individuals without probable cause and create false versions of events to justify their actions.

88. The aforementioned customs, policies, usages, practices, procedures and rules of defendant MTA and the MTA Police Department were the moving force behind the violation of plaintiff's constitutional rights as described herein. As a result of the failure of defendant MTA and the MTA Police Department to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant MTA has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

89. The foregoing customs, policies, usages, practices, procedures and rules of defendant MTA and the MTA Police Department were the moving force behind the Constitutional violations suffered by plaintiffs as alleged herein.

90. The foregoing customs, policies, usages, practices, procedures and rules of defendant MTA and the MTA Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs as alleged herein.

91. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the MTA and the MTA Police Department, plaintiff was unlawfully arrested.

92. Defendants collectively and individually, while acting under color of state law were directly and actively involved in violating plaintiffs' constitutional rights.

## JURY DEMAND

93. Plaintiff hereby demands trial by jury of all issues properly triable thereby.

- 14 -

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for relief as follows:

That the jury find and the Court adjudge and decree that plaintiff Mark Holt shall recover compensatory damages in the sum of $2,000,000 against the individual defendants, The Metropolitan Transit Authority, and the Metropolitan Transit Authority Police Department, jointly and severally, together with interest and costs; and punitive damages in the sum of $2,000,000 against the individual defendants, jointly and severally.

a.      That the plaintiff recover the cost of the suit herein, including reasonable attorneys fees pursuant to 42 U.S.C. § 1988.

b.      That the plaintiff have such other and further relief as the Court shall deem just and proper.

Dated:      New York, New York
            November 16, 2012

By:      _____
         STUART E. JACOBS, ESQ.
         DAVID M. HAZAN, ESQ.
         JACOBS & HAZAN, LLP
         Attorney for Plaintiff
         11 Park Place, 10th Floor
         New York, NY 10007
         (212) 577-2690